UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
SETTLEMENT AGREEMENT

IN THE MATTER OF

Menard, Inc. and Midwest Manufacturing, a single employer

Cases 18-CA-165808,
18-CA-167124,
18-CA-167243

Subject to the approval of the Regional Director for the National Labor Relations Board, Menard, Inc. and Midwest Manufacturing, a single employer (herein the Charged Party) and OPEIU Local 153 and Janet Payne, an individual (herein the Charging Parties) **HEREBY AGREE TO SETTLE THE ABOVE MATTER AS FOLLOWS:**

**POSTING OF NOTICES** — After the Regional Director has approved this Agreement, the Regional Office will send copies of the approved Notices to the Charged Party in English and in additional languages if the Regional Director decides that it is appropriate to do so. A responsible official of the Charged Party will then sign and date those Notices and immediately post them in prominent places, including all places where Charged Party normally posts notices and announcements to employees, at each of its retail locations, distribution centers, and Midwest Manufacturing facilities nationwide. The Charged Party will keep all Notices posted for 60 consecutive days after the initial posting.

Within 5 business days of signing this settlement agreement, and prior to the approval of this settlement agreement by the Regional Director, the Charged Party will provide the Region with the address of every location where the Notice will be posted and also indicate which additional languages, if any, the Notices should be written in for each location.

**INTRANET POSTING** - The Charged Party will also post a copy of the Notice in English and in additional languages if the Regional Director decides that it is appropriate to do so, on its intranet at in a conspicuous place on its homepage and keep it continuously posted there for 60 consecutive days from the date it was originally posted. The Charged Party will send an e-mail to the Region's Compliance Officer when it submits the Certification of Posting and provide a password for a password protected intranet site, in the event it is necessary to check the electronic posting, as well as a screenshot of the intranet page where the Notice is posted.

**COMPLIANCE WITH NOTICE** — The Charged Party will comply with all the terms and provisions of said Notice.

By entering into this Settlement Agreement, the Charged Party waives all rights it may have under the Equal Access to Justice Act, Public Law 96-481, 94 Stat. 2325.

The Charged Party's arbitration program does not violate the Act as it relates to individual claims.

**SCOPE OF THE AGREEMENT** — This Agreement settles only the allegations in the above-captioned case(s), including all allegations covered by the attached Notice to Employees and Members made part of this agreement, and does not settle any other case(s) or matters. It does not prevent persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters that happened before this Agreement was approved regardless of whether General Counsel knew of those matters or could have easily found them out. The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above-captioned case(s) for any relevant purpose in the litigation of this or any other case(s), and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence.



Cases 18-CA-165808,
18-CA-167124, & 18-CA-167243                                       2

**PARTIES TO THE AGREEMENT** — If either of the Charging Parties fails or refuses to become a party to this Agreement and the Regional Director determines that it will promote the policies of the National Labor Relations Act, the Regional Director may approve the settlement agreement and decline to issue or reissue a Complaint in this matter. If that occurs, this Agreement shall be between the Charged Party and the undersigned Regional Director. In that case, a Charging Party may request review of the decision to approve the Agreement. If the General Counsel does not sustain the Regional Director's approval, this Agreement shall be null and void.

**AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY** — Counsel for the Charged Party authorizes the Regional Office to forward the cover letter describing the general expectations and instructions to achieve compliance, a conformed settlement, original notices and a certification of posting directly to the Charged Party. If such authorization is granted, Counsel will be simultaneously served with a courtesy copy of these documents.

       Yes   JB          No   _____
           Initials             Initials

**PERFORMANCE** — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt by the Charged Party of notice that no review has been requested or that the General Counsel has sustained the Regional Director.

The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will issue a Complaint that includes the allegations covered by the Notice to Employees and Members, as identified above in the Scope of Agreement section, as well as filing and service of the charge(s), commerce facts necessary to establish Board jurisdiction, labor organization status, appropriate bargaining unit (if applicable), and any other allegations the General Counsel would ordinarily plead to establish the unfair labor practices. Thereafter, the General Counsel may file a Motion for Default Judgment with the Board on the allegations of the Complaint. The Charged Party understands and agrees that all of the allegations of the Complaint will be deemed admitted and that it will have waived its right to file an Answer to such Complaint. The only issue that the Charged Party may raise before the Board will be whether it defaulted on the terms of this Settlement Agreement. The General Counsel may seek, and the Board may impose, a full remedy for each unfair labor practice identified in the Notice to Employees and Members. The Board may then, without necessity of trial or any other proceeding, find all allegations of the Complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Board may then issue an Order providing a full remedy for the violations found as is appropriate to remedy such violations. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board Order ex parte, after service or attempted service upon Charged Party at the last address provided to the General Counsel.

**NOTIFICATION OF COMPLIANCE** — Each party to this Agreement will notify the Regional Director in writing what steps the Charged Party has taken to comply with the Agreement. This notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement. If the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that the Charging Parties did not request review or that the General Counsel sustained the Regional Director's approval of this agreement. No further action shall be taken in the above captioned case(s) provided that the Charged Party complies with the terms and conditions of this Settlement Agreement and Notice.

Cases 18-CA-165808,
18-CA-167124, & 18-CA-167243                   3

| Charged Party<br>Menard, Inc. and Midwest Manufacturing, a single employer | | Charging Party #1<br>Office & Professional Employees International Union, Local 153 | |
|---|---|---|---|
| By: Name and Title<br>/s/ John F. Bowen<br>Labor Counsel | Date<br>4/27/16 | By: Name and Title<br>/s/ Seth Boldstein, Local 153, Business Rep. | Date<br>4-21-16 |
| Recommended By:<br>/s/ Jessica Gibson/AO<br>JESSICA M. GIBSON, Field Examiner | Date<br>4/28/16 | Approved By:<br>/s/ Benjamin Mandelman<br>Acting Regional Director, Region 18 | Date<br>4/28/2016 |
| Charging Party #2<br>Janet Payne, an individual | | | |
| By: Name and Title<br>Counsel for charging party<br>/s/ Marissa McDermott | Date<br>April 28, 2016 | | |
| Recommended By:<br>/s/ Jessica M. Gibson<br>JESSICA M. GIBSON, Field Examiner | Date<br>4/28/16 | Approved By:<br>/s/ Benjamin Mandelman<br>Acting Regional Director, Region 18 | Date<br>4/28/2016 |