IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Christen Raisor, et al., <br>    *Individually and on behalf* <br>    *of others similarly situated*, <br><br>    and <br><br> Carrie Santti, <br>    *Individually and on behalf* <br>    *of others similarly situated*, <br><br>    and <br><br> Lyndsey Neal, <br>    *Individually and on behalf* <br>    *of others similarly situated,* <br><br>                Plaintiffs, <br><br>    -vs- <br><br> Menard, Inc., <br><br>                Defendant. | Case Nos.   3:18 CV 314 <br>               4:17 CV 1243 <br>               3:17 CV 1614 <br><br> <u>FINAL ORDER AND JUDGMENT ENTRY</u> <br><br> JUDGE JACK ZOUHARY |

Plaintiffs and Defendant jointly move this Court for final approval, as fair and reasonable, of the Class Action Settlement Agreement ("Settlement Agreement") under Federal Civil Rule 23(e).

This Court held a Record Fairness Hearing by phone on April 20, 2020. Counsel present: Robi Baishnab, Rob J. Hunt, Bob Kondras, and Hans Nilges for Plaintiffs; Paul Bittner for Defendant. Court Reporter: Angela Nixon.

Having reviewed the Settlement Agreement (Doc. 76-1), as well as the Joint Motion for Final Approval (Doc. 79) with the attached Declaration of Settlement Administrator (Doc. 79-2), and the other filings, and for good cause shown, this Court enters this Final Order and Judgment Entry as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. Plaintiffs filed these actions alleging Defendant violated the Fair Labor Standards Act and various state-law overtime statutes by failing to pay Plaintiffs and other similarly situated employees for all their overtime.

3. Parties have vigorously litigated these matters and engaged in substantial discovery. This litigation and discovery enabled the parties to understand and assess the detail and substance of their respective claims and defenses.

4. Parties engaged in multiple mediations with well-respected mediators which ultimately resulted in the Settlement Agreement.

5. Parties filed a Joint Motion for Preliminary Approval of Class Action (Doc. 76) which this Court granted (Doc. 78), directing that Notice be sent to Class Members.

6. Arms-length and good-faith negotiations between the parties and their counsel, who have extensive experience litigating wage and hour claims, with the aid of a third-party neutral, resulted in a settlement.

7. Parties filed with this Court a Declaration from the Settlement Administrator verifying that the Class Notice was distributed to Class Members in the form and manner approved by this Court (Doc. 79-2).

8. This Court finds that the Class Members were given adequate notice of the pendency of this lawsuit, the proposed settlement, and the date of the Fairness Hearing. This Court further finds that the notice was reasonable, the best notice practicable, and satisfied all the requirements of Civil Rule 23 and due process.

9. As to Representative Plaintiffs and the Class, this Court finds that the proposed settlement satisfies the standard for final approval of a class-action settlement under Civil Rule 23(e). The proposed settlement class satisfies the requirements under Rule 23(a) of commonality, numerosity, typicality, and adequacy of representation, as well as the requirements under Rule 23(b) of predominance and superiority. Representative Plaintiffs are adequate representatives of the classes they represent and possess the same interests and suffered the same injuries as other Class Members. The class definitions encompass persons with like factual circumstances and like claims. This Court finds that the proposed settlement is fair, reasonable, and adequate as to the classes, and approves the Settlement Agreement.

10. This Court also approves the method of calculation and proposed distribution of settlement payments to Class Members upon the terms and conditions set forth in the Settlement Agreement.

11. This Court also approves the manner and payment of attorney fees set forth in the Settlement Agreement. The Parties shall bear their respective attorney fees and costs except as provided in the Settlement Agreement.

12. This Court retains jurisdiction for the purpose of enforcing the Settlement Agreement, and dismisses these cases with prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 21, 2020